*224 OPINION OF THE COURT
Memorandum.
Judgments unanimously affirmed.
Jeffrey Schneider and his 16-year-old son, Jared Schneider, were separately arrested for hunting deer with the aid of a preestablished bait pile. Environmental Conservation Police Officer Hatch testified that he observed a bait pile (which contained apples and corn), about 50 feet from the tree stand in which he found Jared Schneider, and that the pile was readily visible in a bare spot. Hatch also observed a bait pile (containing corn), about 31 to 33 feet from the tree stand in which Jeffrey Schneider was hunting, and that the pile was in a leafy area surrounded by little shrubs and big trees. Kernels of corn were also recovered from each of defendants’ knapsacks.
On appeal the People and defendants differ as to whether ECL 11-0901 (4) (b) (7) requires scienter. Defendants contend that it does and the People contend that it does not. The People contend that it was the intent of the Legislature to dispense with scienter (People v Shapiro, 6 AD2d 271). In Shapiro (at 274-275), the Court held that “[a]lthough it was the general rule at common law that scienter was a necessary element in the indictment and proof of every crime, and this was followed in regard to statutory crimes even where the statutory definition did not in terms include it * * * we entertain no doubt that the Legislature has power to dispense with the element of scienter in defining a crime”. Legislative intent, however, must be clear and definite. ECL 11-0901 (4) (b) (7) was enacted in 1980 and a review of the Session Laws indicates that no legislative memorandum was submitted upon its enactment (L 1980, ch 387). While it is true that numerous similar Federal statutes are construed as being of strict liability, New York is bound by its own laws and Penal Law § 15.15 controls in cases where the legislative intent to impose strict liability in a statute is not clear.
Penal Law § 15.15 (2) states that: “[a]lthough no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability. This subdivision applies to offenses *225 defined both in and outside this chapter” (L 1965, ch 1030; emphasis added.) In view of the foregoing, a violation of ECL 11-0901 (4) (b) (7) requires scienter. Nonetheless, as the Court stated in Shapiro, guilty knowledge, like any other fact (or any other type of mental culpability), may be shown by proof of circumstances from which knowledge may be inferred (supra, at 273).
Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish defendants’ guilt beyond a reasonable doubt (People v Contes, 60 NY2d 620). Also, upon a review of the facts, the verdict of guilty is not against the weight of the evidence (People v Bleakley, 69 NY2d 490). A review of the record on appeal indicates each defendant testified that they did not place the corn and/or apples on the ground or in their respective knapsack. Neither testified, however, that they did not know that the corn and/or apples were located 31 to 50 feet from their tree stands (Jeffrey Schneider testified that he observed nothing unusual). Considering that the bait pile near Jared’s stand was in plain view and both defendants’ knapsacks contained corn kernels, their convictions should be affirmed. Moreover, resolutions of credibility are primarily questions of fact to be determined by the trier of fact, which saw and heard the witnesses (People v Gaimari, 176 NY 84). Therefore, the trial court gave proper weight to the testimony of Carl Eye.
Since defendants’ remaining contentions have not been properly preserved for appellate review, we pass on no other issue.
Ingrassia, J. P., Floyd and Levitt, JJ., concur.